# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| LAWRENCE SEPAN WILSON, | Case No. 25-CV-3732 (NEB/JFD) |
| Petitioner, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| STATE OF MINNESOTA, | |
| Respondent. | |

---

Petitioner Lawrence Sepan Wilson was convicted of several felony offenses in Minnesota state court. *See State of Minnesota v. Wilson*, No. 27-CR-23-4087 (Hennepin Cnty. Dist. Ct.). Wilson petitioned this Court for a writ of habeas corpus under 28 U.S.C. Section 2254, challenging the legality of his convictions and resulting sentence. (ECF No. 1 at 5–12.) In a Report and Recommendation, United States Magistrate Judge John F. Docherty recommends granting Respondent's motion and denying Wilson's petition with prejudice. (ECF No. 5 ("R&R").)

Because Wilson objects to the R&R, (ECF No. 8 ("Objection")), the Court reviews the R&R *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Wilson proceeds *pro se*, so the Court construes his objections liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The Court has undertaken a *de novo* review and concludes that the conclusions in the R&R are correct. Wilson indicated in his Objection that he has since appealed his

conviction in state court, but that case is pending. *See Wilson v. State of Minnesota*, No. A25-1874. (Minn. Ct. App.).[1] Thus, the logic of the R&R holds: Wilson has still failed to exhaust all available state remedies. *See* 28 U.S.C. § 2254(b)(1)(A); *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999))).

And Wilson's argument that an exhaustion exception applies is unavailing. (Objection at 1 (citing 28 U.S.C. § 2254(b)(1)(B)).) He has not shown that "there is no opportunity to obtain redress in state court" or that "the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

Therefore, based on all the files, records, and proceedings in this case, IT IS HEREBY ORDERED THAT:

    1.    Wilson's Objection (ECF No. 8) is OVERRULED;

    2.    The Report and Recommendation (ECF No. 5) is ACCEPTED;

    3.    The Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED;

    4.    The Motion to Proceed *In Forma Pauperis* (ECF No. 6) is DENIED as MOOT;

---

[1] Wilson filed his appeal on November 7, 2025—about a month after the October 9, 2025 R&R.

5.      Wilson's Motion to Dismiss or Remove Convictions (ECF No. 15) is DENIED;

6.      Wilson's Motion to Cease Contact (ECF No. 18) is DENIED;

7.      The action is DISMISSED WITH PREJUDICE; and

8.      No certificate of appealability be issued.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 10, 2025        BY THE COURT:

      s/Nancy E. Brasel
      Nancy E. Brasel
      United States District Judge